UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FORREST EDWARD HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2712 SPM |
| | ) | |
| HERBERT BERNSEN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[1] Because "it plainly appears from the petition . . . that the petitioner is not entitled to relief," the Court will dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases.

Petitioner, Forrest Edward Harris, was convicted by a jury in St. Louis City, Missouri, on September 27, 2017, of assault in the first degree, armed criminal action, unlawful use of a weapon and unlawful use of a firearm. *See State v. Harris*, No. 1622-CR03364-01 (22nd Judicial Circuit, City of St. Louis). He was sentenced on November 9, 2017, to six (6) years in the Missouri Department of Corrections ("MDOC"). *Id.*

Petitioner filed the instant action on November 13, 2017, asserting that "the Judge made a change in court laws to help convict me in the courtroom on trespassing on property rights. The person didn't own the property that he attacked me on. It was a city crossing." In his request for

---
[1] Although petitioner has filed his application for writ of habeas corpus on a court-form for filing prisoner civil rights complaints, he is seeking release from his state court sentence. The Court interprets petitioner's application for relief as one brought pursuant to habeas corpus. To the extent petitioner is seeking relief pursuant to 42 U.S.C. § 1983, the Court will provide him with a court-form for filing his complaint and allow him to do so in a separate action.

relief, petitioner asks the Court to "throw the records or laws [out] to give [him] the right sentence." Petitioner also seeks $5,000 a day for "being locked up and suffering."

The Court has reviewed the state court record on Missouri.Case.Net and found that petitioner moved to proceed in forma pauperis on appeal in his state criminal case on November 9, 2017. *Id.* As of today's date, his direct appeal of his criminal action has not yet been opened.

Before federal habeas relief can be granted, a person in state custody is required to exhaust all available state remedies. 28 U.S.C. § 2254(b)(1). In this case, petitioner has not yet gone through his direct appeal of his criminal case or his post-conviction remedies in state court. As a result, petitioner's available state remedies are not exhausted, and the petition shall be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that to the extent petitioner would like to assert an action pursuant to 42 U.S.C. § 1983, the Court will order the Clerk to provide petitioner with a blank copy of a Prisoner Civil Rights Complaint form.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE